In Error. —
This was an action of indebitatus assumpsit brought by the plaintiff against the defendant in the County Court of Sumner, wherein the plaintiff counted for moneys had and received by the defendant to his use. The defendant pleaded the general issue and set-off. Upon the trial of the issue, the following case appeared; That one D. C., an infant, in the State of North Carolina, in the county of Bertee, was bound an apprentice to one William Edwards to learn the trade of a blacksmith, by bond pursuant to the Act of Assembly. 1762. which bond was given to Pugh, the then chairman of said court of Bertee, and his successors in office; that the present plaintiff is his successor. That Edwards removed into this State. Sumner country, and that D. C., as the party injured by Redmond D. Barry, his attorney, brought suit upon said bond, to recover damages sustained by him in consequence of the breach of the covenant contained in the condition thereof by the said William Edwards, and judgment was recovered against him for $350, by way of damages, for the injury sustained by said Cooper, for which an execution issued; and upon the execution it appeared by the receipt of the plaintiff's attorney, the present defendant, *Page 103 
that he received the money; upon this case the defendant submitted it to the judge to charge the jury that if they found the fact of payment of the amount of said sum in said execution, or any part thereof made by him to the said David Cooper, or his agent or assignee, or that the defendant, Barry, was entitled to a set-off, to the amount of the said sum in the said execution specified, or against said Cooper, or his assignee, or to retain by way of set-off any less sum that the same would be competent in law to discharge the defendant according to the sum as they might so find. But the court charged and instructed the jury otherwise, that the said Jourdan had a right to receive the said money from the defendant, and could maintain an action for the recovery thereof. Upon which the jury found a verdict for the plaintiff in the sum of $30. To the charge of the judge the defendant excepted, and his misconception of the law is one of the errors assigned. The other is, that the County Court had not jurisdiction, the sum given by the jury being under $50. In determining the question on the first error assigned, it is only necessary to advert to the Act of 1762, and discover the intention of the Legislature and the object it had in view. The Legislature had the benefit of orphans of a certain description in view, and they wished to substitute in the place of the natural guardian of which they had been deprived, another that would as far as possibly in their power, answer the purposes of the substitution. The County Court was appointed by the Legislature, and they directed in certain cases, as when such orphan's estate is of so small value that no person will educate and maintain him for the profits thereof, he shall be bound apprentice, c., and the manner of doing it by which the contract should be evidence, was by bond given to the chairman of the Court and his successors, by the person to whom the orphan was bound. This bond was intended to secure, for the benefit of the orphan, the faithful performance of the contract on the part of the obligor; and that the duties *Page 104 
therein undertaken by the master should be well and truly discharged by him. In case, however, this should not be complied with, the Legislature directs that the bond may be put in suit by any person injured, who, at his costs and charges, may prosecute a suit thereon, in the name of the chairman and his successor, and recover all damages that he may sustain by the breach of the covenant therein contained. Who is the party here within the purview of the act as injured? The apprentice, surely; and the action is given to him and at his costs may be prosecuted, and the recovery is for damages sustained by him, of course, for his use and not for the use of the chairman of the Court, or for the use of the county. The action and recovery is in the name of the chairman as trustee; this is the form, Out the substantial interest, and the legal interest also, as I conceive, is in the orphan. This form is directed by the act, and it must be pursued, until a recovery is had. It is then no longer directed, nor is it necessary; for, after the recovery and the execution satisfied, the object in view by the Act of Assembly is attained. And the sum recovered being for the use of the party injured, which I conceive to be the orphan or his personal representative, under this act, the moment it is received vests the legal right thereto in such orphan; and in case the money is received by the attorney of the orphan in fact or in law, it is received for the use of the orphan, and the legal interest therein is in the orphan. After the satisfaction of the execution in the present case upon the former suit by Edwards, he was discharged; and after the same act for at all events the receipt of the money thereon by the attorney) the agency of the chairman in the business was at an end. He was functus officio with regard to the Transaction under the Act of Assembly, and in regard to any future question that might, in consequence of the receipt of the money, be brought forward. From this view of the case it was certainly *Page 105 
competent for the defence of Barry in an action for money had and received by him to the use of the chairman, to prove as against him, Jourdan, the receipt of it, by the former suit after execution, as attorney of Cooper. For by the act the recovery in that suit was not for the use of Jourdan, but for the use of Cooper. Upon the second error assigned, I can not perceive that the question of jurisdiction can come before the Court in the present case, for before the amount of a recovery can be examined in this point of view, it must be admitted that something in this form of action in the present case was due, and could be recovered; and from the opinion upon the error examined, this action cannot be supported, of course nothing can be recovered. The opinion, therefore, is, that the Circuit Court misconceived the law in their charge to the jury upon the trial of this case.